Frank **COVARRUBIA**, Appellant,

v.

Ted **BUTLER** et al., Appellees.

No. 15183.

Court of Civil Appeals of Texas,
San Antonio.

Nov. 14, 1973.

Rehearing Denied Dec. 12, 1973.

Mario Obledo, Guadalupe Salinas, Sharon G. Province, San Antonio, for appellant.

John L. Hill, Atty. Gen., of Tex., John M. Barron, Larry F. York, Joe B. Dibrell, Gilbert J. Pena, Asst. Attys. Gen., Austin, Howard C. Walker, City Atty., Thaddaeus Iglehart, Asst. City Atty., Ted Butler, Dist. Atty., Nelson Atwell, Asst. Dist. Atty., San Antonio, for appellees.

CADENA, Justice.

Plaintiff, Frank Covarrubia, appeals from the order of the District Court of Bexar County denying his prayer for judgment declaring Section 1(5) of Article 474 of the Vernon's Ann.Texas Penal Code unconstitutional, and refusing to enjoin various law enforcement officials from enforcing such statute. The defendants are the criminal district attorney of Bexar County, the attorney-general of the state of Texas, the city attorney of the city of San Antonio, the sheriff of Bexar County the chief of police of the city of San Antonio, and the judge of County Court at Law No. 2 of Bexar County, in which court an information is pending charging plaintiff with

violation of the challenged statutory provision.

Plaintiff's petition challenges the statute on the ground that ". . . its language is overbroad and fails to clearly indicate the standard of conduct that is sought to be proscribed by such statute." After alleging the pendency of the criminal charges against him and his anticipation that the case will be brought to trial in the near future, plaintiff asserts that if the prosecution of the case is not enjoined, he ' . . . will be tried and will be put to unnecessary expense, loss of time, and mental pain and suffering by virtue of the uncertaintity [sic] regarding the outcome of said prosecution."

The findings of fact made by the trial court may be summarized as follows: (1) There is pending in County Court at Law No. 2 of Bexar County a criminal case styled "State of Texas v. Frank Covarrubia" in which plaintiff is charged with the violation of the challenged statutory provision. (2) No direct invasion of plaintiff's property rights is threatened by the pending charge. (3) Plaintiff failed to show how the enforcement of the statute would result in irreparable injury to any vested property rights of plaintiff. In addition, the trial court concluded that plaintiff has an adequate remedy at law " . . . either by way of habeas corpus or by urging the invalidity of the statute as a defense to the criminal prosecution . . . . "

The case is before us without a statement of facts.

We agree with plaintiff that, in view of the language of our injunction statute, Article 4642, Vernon's Tex.Rev. Civ.Stat.Ann., the exercise of equitable powers by the Texas courts is not limited to cases involving the threat of irreparable injury to property rights. As the Texas Supreme Court pointed out in Passel v. Fort Worth Independent School District, 440 S.W.2d 61 (1969), the statute is broad enough to authorize injunctive relief where necessary to prevent irreparable injury to personal rights. But, irrespective of the nature of the right threatened, the granting of an injunction depends on the absence of an adequate remedy at law. Storey v. Central Hide & Rendering Co., 148 Tex. 509, 226 S.W.2d 615 (1950); Sams v. Dema, 316 S.W.2d 165 (Tex.Civ.App.— Houston 1958, writ ref'd n. r. e.).

For the purposes of this opinion we assume, without deciding, that Section 1(5) of Article 474 [1] suffers from the vices of unconstitutional overbreadth and vagueness.[2]

In Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), the Federal Supreme Court held that threatened state prosecution could be enjoined by federal courts when the prosecution is based on an impermissibly overbroad statute affecting First Amendment rights and when local officials have employed a scheme of bad faith harassment to further discourage the exercise of such rights. Although the opinion emphasized the "chilling" effect on the exercise of constitutionally protected rights which results from the

---

1. Section 1(5) declares that a person is guilty of disorderly conduct if he engages in ". . . violent, abusive, indecent, profane, boisterous, unreasonably loud, or otherwise disorderly conduct under circumstances in which such conduct tends to cause or provoke a disturbance."

2. The doctrines of overbreadth and vagueness, while closely related, are not identical. See, generally, Note, The First Amendment

Overbreadth Doctrine, 83 Harv.L.Rev. 844 (1970); Note, The Void-for-Vagueness Doctrine in the Supreme Court, 109 U. of Pa. L.Rev. 67 (1960); Note, The Chilling Effect in Constitutional Law, 60 Colum.L.Rev. 808 (1969). The intimate relationship between the two doctrines is illustrated by the fact that in many cases they are functionally indistinguishable and the terms "overbreadth" and "vagueness" are sometimes used interchangeably.

fact that such laws exist, it did not make clear whether the mere existence of the defective statute justified injunctive relief absent bad faith enforcement of the statute. Despite the broad language of the opinion, the actual holding did not more than uphold the injunction of *threatened* prosecution.

In 1971, the Supreme Court, in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L. Ed.2d 669, limited the reach of the broad sweep of the *Dombrowski* language. While the extent to which the philosophical underpinning of *Dombrowski* has been eroded is subject to debate, it is clear from *Younger* that the Supreme Court refused to follow *Dombrowski* in a case where the applicant seeks to secure a federal court injunction against further proceedings in a *pending* prosecution. See also, Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971), where it was held that a declaratory judgment by a federal court invalidating a state criminal statute was improper where there was a pending prosecution based on the challenged statute.

We realize that these opinions by the Supreme Court address themselves primarily to the delicate question of federal-state relations, particularly with reference to federal court intervention in state criminal proceedings, and do not concern themselves with the propriety of the granting of injunctive or declaratory relief by state courts in connection with the enforcement by state officials of the penal laws of that state. However, the opinion of the Court in *Younger*, written by Mr. Justice Black and representing the views of four other members of the Court, is relevant insofar as it holds that plaintiff's claim for injunctive relief must fail because he failed to establish the lack of an adequate legal remedy. Five justices agreed that the mere allegation that a statute is unconstitutional on its face is insufficient to support an injunction against a pending prosecution because the opportunity to raise constitution-al claims in the pending criminal proceeding and subsequent appeal will be presumed to present an adequate opportunity for the protection of the asserted federal rights. 401 U.S. at 43–54, 91 S.Ct. 746.

In addition, in *Younger*, Mr. Justice Brennan, who wrote the *Dombrowski* opinion, agreed in his concurring opinion that plaintiff's constitutional contentions could be adequately adjudicated in the pending state criminal proceeding. It is also significant that Mr. Justice Brennan distinguished Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967), in which an injunction against enforcement of an unconstitutional state penal statute was upheld, on the ground that in Zwickler no state criminal proceeding was pending. 401 U.S. at 56–57, 91 S.Ct. 746.

■ We find the reasoning in *Younger* concerning the adequacy of the legal remedy persuasive. We hold, therefore, that where a state criminal proceeding, based on the allegedly unconstitutional state statute, is pending, the opportunity for plaintiff to present, and obtain an adjudication of, his asserted constitutional rights in the pending criminal proceedings affords him a remedy which is adequate, since it is as speedy and as practical and efficient to the ends of justice and its prompt administration as is the remedy in equity, at least in the absence of allegation and proof of bad faith enforcement of the challenged statute and harassing action by law enforcement officials. The trial court properly refused plaintiff's application for injunctive and declaratory relief.

We, of course, express no opinion concerning the availability of equitable relief in a situation where prosecution is merely feared by plaintiff, or merely threatened by officials, as distinguished from the situation where, as here, criminal charges have been filed.

The judgment of the trial court is affirmed.