State v. Morales 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-195-CV





THE STATE OF TEXAS,



 APPELLANT


vs.





LINDA MORALES, TOM DOYAL, PATRICIA CRAMER,


CHARLOTTE TAFT, AND JOHN THOMAS,


 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT



NO. 461,898, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING


 


 




 This appeal involves the limits on the government's right to intrude into an
individual's private life, and the extent of an individual's right to be let alone. We review a Texas
statute that criminalizes private sexual relations between consenting adults of the same sex. Tex.
Penal Code Ann. § 21.06 (1989).

 Appellees Linda Morales, Tom Doyal, Patricia Cramer, Charlotte Taft, and John
Thomas challenged the constitutionality of Penal Code § 21.06 in a declaratory-judgment action,
claiming that this law violated their rights of privacy, equal protection, and due process of law. 
They based their challenge exclusively on rights granted by the Texas Constitution. The district
court found the statute unconstitutional and enjoined its enforcement. On appeal, the State first
argues that appellees lack standing to challenge the statute and, second, defends the statute's
constitutionality by asserting the State's claimed interest in protecting public morality. We will
affirm the district court's judgment.



A. STANDING -- JURISDICTION


 Under the traditional rules governing relief in equity, courts do not have
jurisdiction to determine in a civil action the constitutionality of a penal statute. One well-recognized exception to this general rule arises when the criminal statute is unconstitutional and
its enforcement will cause irreparable injury to vested property rights. E.g., Crouch v. Craik, 369
S.W.2d 311, 315 (Tex. 1963). Citing the general rule and relying in part on Passel v. Fort Worth
Independent School District, the State contends in its first point of error that a court cannot review
this statute in a civil action. Passel, 440 S.W.2d 61 (Tex. 1969), appeal dismissed w.o.j. and
cert. denied, 402 U.S. 968 (1971). Appellees respond that the State misinterprets Passel, which
they say expanded a court's equity jurisdiction to protect personal rights as well as property rights
against unconstitutional criminal statutes. We agree.

 The plaintiffs in Passel challenged former Penal Code article 301d that prohibited
the existence of fraternities, sororities, and secret societies in public schools below the college
level. 1949 Tex. Gen. Laws, ch. 429, § 1, at 803 (1925 Texas Penal Code art. 301d, since
repealed and codified as Tex. Educ. Code Ann. §§ 4.20-.21 (1991)). The trial court concluded
it had no jurisdiction to construe and determine the constitutionality of the criminal statute and
dismissed the cause. The Texas Supreme Court reversed the trial-court judgment in an opinion
that discussed the vested-property-rights argument which the State espouses in this cause. The
Passel court dismissed that view as limited, however, and articulated a modern standard under
which equity can protect personal rights as well as property rights. Id. at 62-64. 

 Appellees assert a number of violations of their personal rights that they claim
deserve equitable relief and demonstrate standing. First, they argue that the existence of § 21.06
implicitly condones hate crimes against lesbians and gay men, encourages discrimination in our
legal system, and raises the potential threat of arrest, fine, and pecuniary loss. Further, they
assert that the statute brands lesbians and gay men as criminals and thereby legally sanctions
discrimination against them in a variety of ways unrelated to the criminal law. For example,
according to appellees, the stigma of criminality arising from the statute encourages discrimination
in the context of employment, family issues, and housing. The State does not dispute appellee's
assertions that § 21.06 causes harm beyond the threat of criminal prosecution. In fact, the State
in the district court stipulated to all of the evidence offered by appellees regarding these harmful
consequences of the statute. 

 We conclude that appellees have standing to attack the constitutionality of § 21.06
because they have shown that the statute causes actual harm which goes far beyond the mere threat
of prosecution. Because of these consequences to appellees, we cannot agree with the State that
this case is hypothetical, abstract, or generalized. 

 The State next argues that even if appellees have standing, equity will not enjoin
enforcement of a criminal law. Appellees respond that § 65.011 of the Civil Practice and
Remedies Code is broad enough to authorize an injunction in the present cause. See Tex. Civ.
Prac. & Rem. Code Ann. § 65.011 (1986 & Supp. 1992) (listing the grounds for obtaining a writ
of injunction). 

 The Passel court relied on former Revised Statutes article 4642 to support its
holding, stating that the "statute is broad enough to authorize the granting of an injunction for the
protection of personal rights." Id. at 63; 1925 Tex. Rev. Civ. Stat., § 1, art. 4642, at 1273 (since
repealed). Because former article 4642 has been nonsubstantively codified at § 65.011 of the
Civil Practices and Remedies Code, we conclude that § 65.011 is also broad enough to authorize
courts in a civil action to enjoin enforcement of unconstitutional criminal laws if the other Passel
standards are met. 1985 Tex. Gen. Laws, ch. 959, sec. 1, § 65.011, sec. 10, at 3292
(codification), 3322 (codification does not change substance of former law).

 We also recognize that, irrespective of the nature of the right threatened, the
granting of an injunction depends upon the absence of an adequate remedy at law. See Covarrubia
v. Butler, 502 S.W.2d 229, 230 (Tex. Civ. App. 1973, writ ref'd n.r.e.). However, even though
a party may appear to have a remedy at law, if that remedy is merely illusory, it does not
foreclose a right to equitable relief. See Repka v. American Nat'l Ins. Co., 186 S.W.2d 977, 980
(Tex. 1945). 

 The State concedes that it rarely, if ever, enforces § 21.06. In fact, this Court has
found no case directly involving a prosecution under § 21.06. The last reported appellate case
involved a 1973 prosecution under a predecessor statute, former Penal Code article 524. Bishoff
v. State, 531 S.W.2d 346 (Tex. Crim. App. 1976) (construing 1943 Tex. Gen. Laws, ch. 112,
at 194 (1925 Texas Penal Code art. 524, since repealed)). Thus, appellees are confronted with
this dilemma: They suffer actual harm from the existence of § 21.06, harm that the State
acknowledges, yet they are unable to attack the statute's constitutionality because of the State's
apparent refusal to enforce the statute. Appellees, therefore, claim that they lack an adequate
remedy at law. We agree.

 Applying the equity standard set forth in Passel, as well as the normal equity
requirements of irreparable injury and lack of an adequate remedy at law, we conclude that the
district court had jurisdiction in this matter and that declaratory and injunctive relief were
appropriate. The State's first point of error is overruled.



B. THE CONSTITUTIONAL CHALLENGE


 The State contends in its second point of error that the district court erred in
declaring § 21.06 unconstitutional and enjoining its enforcement. The State argues that the United
States Supreme Court effectively foreclosed federal constitutional attacks on state statutes
prohibiting homosexual conduct when the Court upheld the constitutionality of a Georgia statute
in Bowers v. Hardwick, 478 U.S. 186 (1986). The State asserts that the scope of Texas
constitutional protections are no broader than those provided by the federal constitution. We
disagree.

 The Texas Constitution has a meaning independent of the United States Constitution
and, in a number of cases, Texas courts have relied on the state constitution to find more
expansive rights than those granted by the federal courts. See, e.g., Edgewood v. Kirby, 777
S.W.2d 391 (Tex. 1989) (ruling that the State educational finance system violated the state
constitution, although the United States Supreme Court found no violation of federal equal
protection); Channel 4, KGBT v. Briggs, 759 S.W.2d 939, 944 (Tex. 1988) (Gonzalez, J.,
concurring) (stating that the rights of free speech and free press are more extensive under the state
constitution than under the federal constitution); Heitman v. State, 815 S.W.2d 681, 690 (Tex.
Crim. App. 1991) (holding that Texas courts analyzing search and seizure under the state
constitution are not bound by United States Supreme Court precedent analyzing the Fourth
Amendment). Thus, the federal constitution provides only a floor below which the State may not
fall in affording protection to individuals. See LeCroy v. Hanlon, 713 S.W.2d 335, 338 (Tex.
1986); Heitman, 815 S.W.2d at 682. We conclude that the Texas Constitution accords individuals
greater safeguards to their personal freedom than its federal counterpart does. We must,
therefore, enforce the provisions of the state constitution, even if the federal courts have given a
different interpretation to a similar provision of the federal constitution.

 The controlling opinion in this cause is the Texas Supreme Court's opinion in Texas
State Employees Union v. Texas Department of Mental Health & Mental Retardation, which
recognized that the Texas Bill of Rights guarantees the right of privacy. 746 S.W.2d 203 (Tex.
1987) (TSEU). In TSEU, the supreme court held that the Texas Department of Mental Health and
Mental Retardation's policy of requiring certain employees to take a mandatory polygraph test
impermissibly violated privacy rights protected by the Texas Bill of Rights. Employees were
required to take the test when suspected of patient abuse, criminal activity at the work place, or
an activity threatening the health and safety of the employees. As a part of the polygraph test,
employees were required to answer "control questions" that were not job related and which the
employees found intrusive and highly offensive. Those who refused to submit to the polygraph
faced "adverse personnel action." Id. at 204-06.

 The supreme court acknowledged at the outset that the Texas Constitution contains
no express guarantee of a right of privacy. The court held, however, that sections 6, 8, 9, 10,
19, and 25 of the Texas Bill of Rights each give rise to a concomitant zone of privacy and these
sections collectively establish a right of privacy under the Texas Constitution. In a unanimous
opinion, the supreme court then set forth a strict standard of review for governmental intrusion
upon personal privacy: "[The] right to privacy should yield only when the government can 

demonstrate that an intrusion is reasonably warranted for the achievement of a compelling
governmental objective that can be achieved by no less intrusive, more reasonable means." Id.
at 205.

 Although the supreme court discussed in broad terms those sections of the Texas
Bill of Rights which establish the Texas right of privacy, it did not clarify the full scope of this
privacy right. Certainly, the supreme court in TSEU did not explicitly state that the right of
privacy extends to homosexual conduct. However, we can think of nothing more fundamentally
private and deserving of protection than sexual behavior between consenting adults in private. 
If consenting adults have a privacy right to engage in sexual behavior, then it cannot be
constitutional, absent a compelling state objective, to prohibit lesbians and gay men from engaging
in the same conduct in which heterosexuals may legally engage. In short, the State cannot make
the same conduct criminal when done by one, and innocent when done by the other.

 To evaluate the constitutionality of § 21.06, we must review what objectives the
State asserts and whether those objectives are compelling enough to override appellees' right of
privacy. The burden of proof rests with the State to demonstrate a compelling governmental
objective. TSEU, 746 S.W.2d at 205. 

 The State offers the implementation of public morality as the sole compelling
objective to justify § 21.06. We are mindful that homosexual conduct is abhorrent to the morals
and deeply held beliefs of many people. However, the State makes no showing that criminalizing
private conduct engaged in by consenting adults in any way advances public morality. Our laws
against public lewdness and indecent exposure, on the other hand, properly serve to shield the
public's sensibilities from exposure to the intimacies of others. See Tex. Penal Code §§ 21.07,
.08 (1989). We wish to stress that our decision does not affect those criminal statutes prohibiting
sex with minors, child abuse, sexual assault, and prostitution.

 Further, it is disingenuous to suggest that § 21.06 serves to protect public morality
when the State readily concedes that it rarely, if ever, enforces this statute. If lesbians and gay
men pose such a threat to the State, why then does the State not enforce the statute on a regular
basis by investigating suspected homosexuals, obtaining search warrants, making arrests, and
prosecuting offenders?

 The State has not demonstrated how criminalizing sexual behavior between
consenting adults in private advances or protects public morality. Further, the State has not
argued that § 21.06 is justified on the basis of protecting the public's health from the spread of
sexually transmitted diseases. Even if the State were to make this argument, there is no evidence
in the record that § 21.06 either protects the public's health or that the Legislature in 1973
intended the statute as a disease-prevention measure. We note that § 21.06 does not prohibit
similar heterosexual conduct that may carry a high risk of transmitting sexual diseases.

 Since the State has not met its burden of showing that a compelling governmental
objective justifies the intrusion § 21.06 makes into appellees' private lives, we sustain the district
court's ruling that § 21.06 is unconstitutional because it violates appellees' right of privacy. We
expressly decline to determine whether § 21.06 violates the state constitutional guarantees of due
process or equal protection. Point of error two is overruled.

 The judgment of the district court is affirmed.



 

 Jimmy Carroll, Chief Justice

[Before Chief Justice Carroll, Justices Kidd and Davis*]

Affirmed

Filed: March 11, 1992

[Publish]


* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (1988).