The CITY OF DALLAS and Mack Vines, Appellants,

v.

Mica ENGLAND, Appellee.

° Mica ENGLAND, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–92–243–CV.

Court of Appeals of Texas, Austin.

Feb. 10, 1993.

Craig Hopkins, Office of the City Atty., Dallas, for City of Dallas and Mack Vines.

Edward J. Tuddenham, Wiseman, Durst & Tuddenham, Austin, for appellant/appellee Mica England.

Dan Morales, Atty. Gen., David J. Guillory, Asst. Atty. Gen., Austin, for State of Texas.

Before POWERS, ABOUSSIE and B.A. SMITH, JJ.

BEA ANN SMITH, Justice.

Mica England, appellee, sued the State of Texas, the City of Dallas, and Mack Vines, challenging the constitutionality of the Texas statute criminalizing private sexual relations between consenting adults of the same sex, Tex. Penal Code Ann. § 21.06 (West 1989), and seeking to enjoin the Dallas Police Department's policy of not hiring lesbians and gay men because they violate this criminal statute. Because England's challenge to the constitutionality of section 21.06 is identical to the one presented in *State v. Morales*, 826 S.W.2d 201 (Tex. App.—Austin 1992, writ granted), the parties stipulated to the same summary-judgment record submitted in *Morales*. The trial court below held the statute unconstitutional and enjoined the City of Dallas and its police chief both from enforcing the statute and from denying employment in the police department to lesbians and gay men solely because they violate the statute. The court granted the State's plea to the jurisdiction and dismissed the State.

Appellants [1] City of Dallas and Mack Vines, Chief of Police, complain that the trial court had no jurisdiction to declare this criminal statute unconstitutional. England brings a separate appeal complaining that the court erred in dismissing the State. We conclude that our holding in *Morales* controls appellants' appeal and that England's separate appeal lacks merit.

Therefore, we will affirm the trial court's judgment.

## BACKGROUND

England applied for a position with the Dallas Police Department in 1989. She was invited to interview for the position and, when asked about her sexual orientation, she responded truthfully that she was a lesbian. The interviewer then informed England that under the police department's hiring policy her homosexuality made her ineligible for employment.[2] England sued the police department, Vines (the police chief under whose tenure she was denied employment) and the State, challenging the constitutionality of the hiring policy and the criminal statute underlying the hiring policy. She also sought injunctive relief, damages, and attorney's fees.

England moved for partial summary judgment as to her requested declaratory and injunctive relief concerning the statute and the hiring policy. Appellants filed an opposing summary-judgment motion concerning England's claim for damages. The State filed its plea to the jurisdiction. After granting the State's plea to the jurisdiction, the trial court granted partial summary judgment, declaring section 21.06 of the Penal Code unconstitutional, and enjoining the police department and its police chief from enforcing the statute and from denying employment in the police department based solely on an applicant's admission of violating section 21.06 or of being homosexual. The trial court denied appellants' motion for summary judgment, finding that fact issues as to appellants' good faith precluded disposition of England's

1. For the sake of convenience, we will collectively refer to the City and Vines as "appellants." Although England is an appellant as against the State, for clarity we will refer to her by proper name only.

2. The following portion of the Dallas Police Department Hiring Policy disqualified England: *SECTION III. SEXUAL CONDUCT*—Due to department's need to hire police officers who will inspire public trust and confidence in accordance with prevailing community standards, an applicant must not have exhibited behavior which falls into the following categories:

1. Must not admit nor have engaged in deviate sexual intercourse with a member of the same sex since age 15. For the purposes of these disqualifiers, deviate sexual intercourse is defined as any contact between any part of the genitals of one person and the mouth of [sic] anus of another person.

2. Must not admit nor have engaged in sexual contact with a member of the same sex since age 15. Sexual contact is defined as the touching of the anus, breasts or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person.

claim for damages on summary judgment. The trial court severed the remaining claim for damages and attorney's fees, assigned the severed matter a new cause number, and denied appellants' request for a stay of the injunction pending appeal.

Appellants bring three points of error: (1) that the trial court erred in holding section 21.06 unconstitutional; (2) that the trial court erred in enjoining appellants from enforcing the statute and that portion of the police department's hiring policy based on the statute; and (3) that the trial court erred in denying Vines's motion for summary judgment based on his assertion of qualified immunity. In a separately perfected appeal, England complains of the trial court's dismissal of the State.

## JURISDICTION TO DECLARE STATUTE UNCONSTITUTIONAL

■ Appellants' first point of error asserts that the district court lacked jurisdiction to rule on the constitutionality of a criminal statute. In *Morales*, we relied on *Passel v. Fort Worth Independent School District*, 440 S.W.2d 61 (Tex.1969), *appeal dismissed w.o.j. and cert. denied*, 402 U.S. 968, 91 S.Ct. 1667, 29 L.Ed.2d 133 (1971), to hold that Tex.Civ.Prac. & Rem.Code Ann. § 65.011 (West 1986) confers jurisdiction on the district court (1) to entertain a challenge to the constitutionality of section 21.06 and (2) to authorize the granting of an injunction against its enforcement to protect personal as well as property rights. *Morales*, 826 S.W.2d at 202–03. Following *Morales*, we hold that the district court had jurisdiction to rule on the constitutionality of section 21.06. We overrule appellants' first point of error.

## PROPRIETY OF INJUNCTIVE RELIEF

In their second point of error, appellants complain that the trial court erred in granting injunctive relief because it erroneously considered the constitutionality of the statute. Having decided that the trial court properly considered the constitutionality of the statute, and this Court having previously held section 21.06 unconstitutional, we overrule appellants' second point of error.

■ Although appellants do not challenge the injunctive relief on any other ground, we note that the traditional equitable requirements of irreparable injury and lack of an adequate remedy at law were satisfied in this cause. In *Morales*, we held that individuals whose private, consensual sexual activities are criminalized by section 21.06 suffer irreparable injury simply from the statute's existence. *Morales*, 826 S.W.2d at 203. As we noted there, the State's failure to prosecute individuals under section 21.06 creates a dilemma: individuals alleging that they are harmed by the statute are unable to attack its constitutionality because of the State's refusal to enforce it. In this cause, England, who was prevented from completing the job application process with the Dallas Police Department, has actually suffered the concrete injury that the plaintiffs in *Morales* alleged they would suffer. England, like the plaintiffs in *Morales*, has no adequate remedy at law. Having no adequate remedy at law and having suffered irreparable injury, she satisfies the two equity requirements for injunctive relief.

## QUALIFIED–IMMUNITY DEFENSE

■ In their third point of error, appellants complain of the trial court's failure to grant their motion for summary judgment as to Vines, the former chief of police, based on his assertion of qualified immunity. We note initially that it is unclear from the pleadings whether England sued Vines in his individual capacity. If not, a suit against a governmental officer in his official capacity is a suit against the governmental entity. *See, e.g., Herring v. Houston Nat'l Exch. Bank*, 113 Tex. 264, 253 S.W. 813, 814–15 (1923). However, we need not determine in what capacity Vines has been sued to dispose of this point of error.

■ As previously discussed, the trial court severed England's suit for declaratory and injunctive relief in cause number 484,697 from her claim for damages and attorney's fees, assigning the damages suit a new cause number, 484,697A. Appellants do not complain about the trial court's order severing the two causes of action. Hence, any complaint about the trial

court's denial of appellants' motion for summary judgment as to damages, including the denial of Vines's defense of qualified immunity, is part of the action pending in cause number 484,697A and is not before us in this appeal of the declaratory and injunctive relief granted in cause number 484,697. Appellants correctly observe that the denial of a summary-judgment motion asserting a governmental employee's qualified immunity is immediately appealable. Tex.Civ.Prac. & Rem.Code Ann. § 51.014(5) (West Supp.1993). Should appellants wish to pursue an interlocutory appeal of that decision of the trial court, such appeal must be brought in the severed cause of action addressing England's claim for damages and attorney's fees. Because this complaint is not properly before 'us in this appeal, we do not address appellants' third point of error.

## STATE'S PLEA TO THE JURISDICTION

■ Finally, we consider England's single point of error in her appeal against the State, in which she alleges that the trial court erred in dismissing the State.[3] In *Morales,* the State's plea to the jurisdiction was denied, and on appeal the State waived any complaint that the trial court erred in denying the plea on the basis of governmental immunity. The State specifically raises the issue of governmental immunity in this case.

The State as sovereign is immune from suit absent its consent. *E.g., Missouri Pac. R.R. v. Brownsville Navigation Dist.,* 453 S.W.2d 812, 813 (Tex.1970). However, actions of a state official that are unconstitutional, illegal, wrongful, or beyond statutory authority are not immunized by governmental immunity and a suit seeking relief from the official's conduct is not one against the state. *Oxford v. Hill,* 558

S.W.2d 557, 560 (Tex.Civ.App.—Austin 1977, writ ref'd); *Dillard v. Austin Indep. Sch. Dist.,* 806 S.W.2d 589, 596–98 (Tex. App.—Austin 1991, writ denied); *see also Ex parte Young,* 209 U.S. 123, 159, 28 S.Ct. 441, 453, 52 L.Ed. 714 (1908). The proper remedy is for a party to sue the official in authority at the governmental unit and not the governmental unit itself. *E.g., Dillard,* 806 S.W.2d at 598. England's point of error is overruled.[4]

## CONCLUSION

We affirm the trial court's judgment in all respects.

---

**3.** England perfected a separate appeal against the State because the State was not a party to appellants' notice of appeal. England, therefore, could not assert a cross-point against the State because such a cross-point would not affect the interest of appellants, the City and Vines. *See Donwerth v. Preston II Chrysler–Dodge, Inc.,* 775 S.W.2d 634, 641–42 (Tex.1989).

**4.** We note, however, that the absence of the State as a party is irrelevant to the relief Eng-

land seeks—a declaration that section 21.06 is unconstitutional and an injunction against the City and its police chief from enforcing the statute and denying employment in the police department to lesbians and gay men because they violate the statute. The City, and perhaps England, erroneously assume that the State must be a party to any action that challenges the constitutionality of a law.