England 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-243-CV




THE CITY OF DALLAS AND MACK VINES,





 APPELLANTS


vs.





MICA ENGLAND,



 APPELLEE


 





MICA ENGLAND,



APPELLANT



vs.





THE STATE OF TEXAS,



APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT



NO. 484,697, HONORABLE LAWRENCE L. FULLER, JUDGE PRESIDING



 



 Mica England, appellee, sued the State of Texas, the City of Dallas, and Mack
Vines, challenging the constitutionality of the Texas statute criminalizing private sexual relations
between consenting adults of the same sex, Tex. Penal Code Ann. § 21.06 (West 1989), and
seeking to enjoin the Dallas Police Department's policy of not hiring lesbians and gay men
because they violate this criminal statute. Because England's challenge to the constitutionality of
section 21.06 is identical to the one presented in State v. Morales, 826 S.W.2d 201 (Tex.
App.--Austin 1992, writ granted), the parties stipulated to the same summary-judgment record
submitted in Morales. The trial court below held the statute unconstitutional and enjoined the City
of Dallas and its police chief both from enforcing the statute and from denying employment in the
police department to lesbians and gay men solely because they violate the statute. The court
granted the State's plea to the jurisdiction and dismissed the State.

 Appellants (1) City of Dallas and Mack Vines, Chief of Police, complain that the trial
court had no jurisdiction to declare this criminal statute unconstitutional. England brings a
separate appeal complaining that the court erred in dismissing the State. We conclude that our
holding in Morales controls appellants' appeal and that England's separate appeal lacks merit. 
Therefore, we will affirm the trial court's judgment.



BACKGROUND


 England applied for a position with the Dallas Police Department in 1989. She was
invited to interview for the position and, when asked about her sexual orientation, she responded
truthfully that she was a lesbian. The interviewer then informed England that under the police
department's hiring policy her homosexuality made her ineligible for employment. (2) England sued
the police department, Vines (the police chief under whose tenure she was denied employment)
and the State, challenging the constitutionality of the hiring policy and the criminal statute
underlying the hiring policy. She also sought injunctive relief, damages, and attorney's fees. 

 England moved for partial summary judgment as to her requested declaratory and
injunctive relief concerning the statute and the hiring policy. Appellants filed an opposing
summary-judgment motion concerning England's claim for damages. The State filed its plea to
the jurisdiction. After granting the State's plea to the jurisdiction, the trial court granted partial
summary judgment, declaring section 21.06 of the Penal Code unconstitutional, and enjoining the
police department and its police chief from enforcing the statute and from denying employment
in the police department based solely on an applicant's admission of violating section 21.06 or of
being homosexual. The trial court denied appellants' motion for summary judgment, finding that
fact issues as to appellants' good faith precluded disposition of England's claim for damages on
summary judgment. The trial court severed the remaining claim for damages and attorney's fees,
assigned the severed matter a new cause number, and denied appellants' request for a stay of the
injunction pending appeal. 

 Appellants bring three points of error: (1) that the trial court erred in holding
section 21.06 unconstitutional; (2) that the trial court erred in enjoining appellants from enforcing
the statute and that portion of the police department's hiring policy based on the statute; and (3)
that the trial court erred in denying Vines's motion for summary judgment based on his assertion
of qualified immunity. In a separately perfected appeal, England complains of the trial court's
dismissal of the State. 



JURISDICTION TO DECLARE STATUTE UNCONSTITUTIONAL


 Appellants' first point of error asserts that the district court lacked jurisdiction to
rule on the constitutionality of a criminal statute. In Morales, we relied on Passel v. Fort Worth
Independent School District, 440 S.W.2d 61 (Tex. 1969), appeal dismissed w.o.j. and cert.
denied, 402 U.S. 968 (1971), to hold that Tex. Civ. Prac. & Rem. Code Ann. § 65.011 (West
1986) confers jurisdiction on the district court (1) to entertain a challenge to the constitutionality
of section 21.06 and (2) to authorize the granting of an injunction against its enforcement to
protect personal as well as property rights. Morales, 826 S.W.2d at 202-03. Following Morales,
we hold that the district court had jurisdiction to rule on the constitutionality of section 21.06. 
We overrule appellants' first point of error.



PROPRIETY OF INJUNCTIVE RELIEF


 In their second point of error, appellants complain that the trial court erred in
granting injunctive relief because it erroneously considered the constitutionality of the statute. 
Having decided that the trial court properly considered the constitutionality of the statute, and this
Court having previously held section 21.06 unconstitutional, we overrule appellants' second point
of error.

 Although appellants do not challenge the injunctive relief on any other ground, we
note that the traditional equitable requirements of irreparable injury and lack of an adequate
remedy at law were satisfied in this cause. In Morales, we held that individuals whose private,
consensual sexual activities are criminalized by section 21.06 suffer irreparable injury simply from
the statute's existence. Morales, 826 S.W.2d at 203. As we noted there, the State's failure to
prosecute individuals under section 21.06 creates a dilemma: individuals alleging that they are
harmed by the statute are unable to attack its constitutionality because of the State's refusal to
enforce it. In this cause, England, who was prevented from completing the job application
process with the Dallas Police Department, has actually suffered the concrete injury that the
plaintiffs in Morales alleged they would suffer. England, like the plaintiffs in Morales, has no
adequate remedy at law. Having no adequate remedy at law and having suffered irreparable
injury, she satisfies the two equity requirements for injunctive relief. 



QUALIFIED-IMMUNITY DEFENSE


 In their third point of error, appellants complain of the trial court's failure to grant
their motion for summary judgment as to Vines, the former chief of police, based on his assertion
of qualified immunity. We note initially that it is unclear from the pleadings whether England
sued Vines in his individual capacity. If not, a suit against a governmental officer in his official
capacity is a suit against the governmental entity. See, e.g., Herring v. Houston Nat'l Exch.
Bank, 253 S.W. 813, 814-15 (Tex. 1923). However, we need not determine in what capacity
Vines has been sued to dispose of this point of error.

 As previously discussed, the trial court severed England's suit for declaratory and
injunctive relief in cause number 484,697 from her claim for damages and attorney's fees,
assigning the damages suit a new cause number, 484,697A. Appellants do not complain about
the trial court's order severing the two causes of action. Hence, any complaint about the trial
court's denial of appellants' motion for summary judgment as to damages, including the denial
of Vines's defense of qualified immunity, is part of the action pending in cause number 484,697A
and is not before us in this appeal of the declaratory and injunctive relief granted in cause number
484,697. Appellants correctly observe that the denial of a summary-judgment motion asserting
a governmental employee's qualified immunity is immediately appealable. Tex. Civ. Prac. &
Rem. Code Ann. § 51.014(5) (West Supp. 1993). Should appellants wish to pursue an
interlocutory appeal of that decision of the trial court, such appeal must be brought in the severed
cause of action addressing England's claim for damages and attorney's fees. Because this
complaint is not properly before us in this appeal, we do not address appellants' third point of
error.



STATE'S PLEA TO THE JURISDICTION 


 Finally, we consider England's single point of error in her appeal against the State,
in which she alleges that the trial court erred in dismissing the State. (3) In Morales, the State's plea
to the jurisdiction was denied, and on appeal the State waived any complaint that the trial court
erred in denying the plea on the basis of governmental immunity. The State specifically raises
the issue of governmental immunity in this case.

 The State as sovereign is immune from suit absent its consent. E.g., Missouri Pac.
R.R. v. Brownsville Navigation Dist., 453 S.W.2d 812, 813 (Tex. 1970). However, actions of
a state official that are unconstitutional, illegal, wrongful, or beyond statutory authority are not
immunized by governmental immunity and a suit seeking relief from the official's conduct is not
one against the state. Oxford v. Hill, 558 S.W.2d 557, 560 (Tex. Civ. App.--Austin 1977, writ
ref'd); Dillard v. Austin Indep. Sch. Dist., 806 S.W.2d 589, 596-98 (Tex. App.--Austin 1991, writ
denied); see also Ex parte Young, 209 U.S. 123, 159 (1908). The proper remedy is for a party
to sue the official in authority at the governmental unit and not the governmental unit itself. E.g.,
Dillard, 806 S.W.2d at 598. England's point of error is overruled. (4)



CONCLUSION


 We affirm the trial court's judgment in all respects. 



 

 Bea Ann Smith, Justice

[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed

Filed: February 10, 1993

[Publish]

1.   For the sake of convenience, we will collectively refer to the City and Vines as
"appellants." Although England is an appellant as against the State, for clarity we will
refer to her by proper name only. 
2.   The following portion of the Dallas Police Department Hiring Policy disqualified
England:


SECTION III. SEXUAL CONDUCT--Due to department's need to hire police
officers who will inspire public trust and confidence in accordance with prevailing
community standards, an applicant must not have exhibited behavior which falls
into the following categories:


1. Must not admit nor have engaged in deviate sexual intercourse with a
member of the same sex since age 15. For the purposes of these
disqualifiers, deviate sexual intercourse is defined as any contact between any
part of the genitals of one person and the mouth of [sic] anus of another
person.


2. Must not admit nor have engaged in sexual contact with a member of the
same sex since age 15. Sexual contact is defined as the touching of the anus,
breasts or any part of the genitals of another person with intent to arouse or
gratify the sexual desire of any person.
3.   England perfected a separate appeal against the State because the State was not a
party to appellants' notice of appeal. England, therefore, could not assert a cross-point
against the State because such a cross-point would not affect the interest of appellants, the
City and Vines. See Donwerth v. Preston II Chrysler-Dodge, Inc., 775 S.W.2d 634, 641-42
(Tex. 1989).
4.   We note, however, that the absence of the State as a party is irrelevant to the relief
England seeks--a declaration that section 21.06 is unconstitutional and an injunction
against the City and its police chief from enforcing the statute and denying employment in
the police department to lesbians and gay men because they violate the statute. The City,
and perhaps England, erroneously assume that the State must be a party to any action
that challenges the constitutionality of a law.